## Commonwealth v. Sprouse

*J. Stroud Weber*, for plaintiff.

*Smillie, Bean, Davis & Tredinnick*, for defendant.

KNIGHT, P. J., November 13, 1957.—In highlight, these are the facts. The ex-wife of defendant had four children born to her prior to her marriage with defendant, with whom she had lived during various periods of her life before she married defendant.

One child was born to the ex-wife of defendant while the parties were living together and cohabiting as husband and wife. As to the first child born to the ex-wife of defendant, defendant admits paternity and likewise as to the last child born while the parties were living together defendant admits the liability of maintenance and support. As to the remaining three children, de-

fendant denies paternity and therefore any obligation to support.

The ex-wife caused the arrest of defendant, charging him with the nonsupport of the four younger children and the hearing judge made an order on defendant to pay $20 per week toward their maintenance and support.

At the hearing, the ex-wife of defendant testified that defendant was the father of the three children whose paternity was questioned. The hearing judge refused to permit defendant to testify in denial of his paternity of the three children.

It is this action of the hearing judge that is the subject of these exceptions.

The Act of May 14, 1857, P. L. 507, 48 PS §167, provides: "In any and every case where the father and mother of an illegitimate child or children shall enter into the bonds of lawful wedlock and cohabit, such child or children shall thereby become legitimated and enjoy all the rights and privileges as if they had been born during the wedlock of their parents." It will be noticed that the marriage of the *father* and *mother* of an illegitimate child legitimates such child. We are of the opinion, however, that a man accused of being the father of an illegitimate child born before his marriage to the mother of the child should have the same right to question the paternity of the child as he would have if the marriage had never taken place.

The hearing judge was of the opinion that defendant, having married the mother of the children and having supported and maintained the children for several years and allowed them to take his name, was estopped from denying that he was their father.

We are of the opinion that the hearing judge erred in not permitting defendant to testify as to the paternity of the three children. Although the Act of 1857 has been on the statute books for 100 years, it would

seem that the precise question raised in this case has never been decided in any reported case.

In one respect, the exceptions could be dismissed. The hearing judge did not hold that the marriage of the ex-wife and defendant made the three children legitimate but only that defendant could not deny paternity. He several times told counsel for defendant that he could produce any other evidence available as to the paternity of the three children.

And now, November 13, 1957, the exceptions are sustained and it is ordered and directed that the order made October 1, 1957, in the above case, be revoked and a further hearing held.